IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 1:20-cr-00119 (RDA) |
| | ) | |
| JAMES B. CLAWSON, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant James B. Clawson Sr.'s ("Defendant") Motion in Limine to Exclude All Evidence of His 2009 Conviction ("Motion"). Dkt. 59. The matter has been fully briefed, argued, and is now ripe for disposition. Considering the Motion, the Memorandum in Support of the Motion (Dkt. 60), the Government's Opposition to the Motion (Dkt. 63), Defendant's Reply (Dkt. 64), and oral argument presented to the Court on June 14, 2021, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.

I. BACKGROUND

In 2009, Defendant pleaded guilty and was convicted of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See United States v. Clawson*, No. 1:09-cr-367, Dkt. 5, 1 (E.D. Va. Oct. 16, 2009). He ultimately received a sentence that included a term of imprisonment, which was to be followed by a term of supervised release. *See id*. at Dkt. 74.

While on supervised release, the Probation Officer filed multiple Petitions and Addendums alleging that Defendant violated his terms of supervised release. *See, e.g.*, *id*. at Dkt. Nos. 44; 49; 94; 105; 114. Most relevant here are the July 30, 2019 Petition, and the September 4, 2019 and November 20, 2019 Addendums regarding Defendant's purported violations of supervised release. *See id*. at Dkt. Nos. 94; 105; 114. Through those filings, the Probation Officer maintained that,

among other things, Defendant had violated a term of his supervised release by committing another crime—possession of child pornography. *See, e.g.*, *id*. at Dkt. 114. The Probation Officer provided that during a July 24, 2019, "unannounced home visit," "[D]efendant was found in possession of one laptop computer and [ ] [12] storage devices or 'thumb drives.'" *Id*. at Dkt. 114, 1. After Defendant consented to the seizure of those items and the Court authorized the search of the same, a Federal Bureau of Investigation ("FBI") forensic examination revealed that those items contained images of child pornography. *Id*. at 1-2.

On May 26, 2020, the instant case commenced when the Grand Jury returned an Indictment as to Defendant, alleging that Defendant had possessed child pornography, seemingly the same child pornography that was allegedly uncovered by the Probation Officer during his July 24, 2019 unannounced home visit. *See* Dkt. 1. In the Indictment, it is alleged that:

> [f]rom on or about April 8, 2019, to on or about July 24, 2019 . . . [D]efendant . . . knowingly possessed matter, that is, a PNY thumb drive, which contained a visual depiction of a minor engaging in sexually explicit conduct, the producing of which visual depiction involved the use of a minor engaging in sexually explicit conduct, and which visual depiction was shipped and transported using any means and facility of interstate and foreign commerce, and which was produced using materials which had been mailed and so transported, by any means including by computer. . . . [i]n violation of Title 18, United States Code, Section 2252(a)(4)(B).

Dkt. 1. The Indictment further alleges, under 18 U.S.C. § 2252(b)(2), that Defendant has been previously convicted of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

On May 14, 2021, Defendant filed the instant Motion, which the Government opposed, and to which Defendant filed a Reply. Dkt. Nos. 59; 63; 64. The parties came before the Court on June 14, 2021, for oral argument on the Motion.

## II. ANALYSIS

In his Motion, Defendant asks this Court to exclude all evidence of his 2009 conviction "on the ground that the evidence is inadmissible under Federal Rule[s] of Evidence 414 and 404(b),

2

and is separately inadmissible because it is not intrinsic evidence of the offense charged." Dkt. 60, 1. In response, the Government proffers that it will seek to admit only six categories of evidence that relate to Defendant's 2009 distribution of child pornography conviction. Dkt. 63, 2. Those categories are as follows: (1) "[c]opies of [ ] [D]efendant's judgment of conviction, signed plea agreement, and signed written factual proffer submitted in support of his guilty plea in Case No. [1:]09-cr-367" ("Category One"); (2) "[s]creen capture of home page of 'Phacue's House,' a website on which [ ] [D]efendant served as a high-ranking moderator and on which links to child pornography were posted, including by [ ] [D]efendant himself" ("Category Two"); (3) "[s]creen captures of instructions to the website's users regarding accepted ways of posting links to images; of statutes and court decisions related to child pornography and of [ ] [D]efendant's own user profile on the website" ("Category Three"); (4) "[s]creen captures of links posted by [ ] [D]efendant on the website to five videos of minors engaged in sexually explicit conduct, and the videos themselves (four of the videos are divided into three segments each)" ("Category Four"); (5) "[s]creen captures of message board posts on the website made by [ ] [D]efendant regarding, among other topics, [ ] [D]efendant's prominent role in the website's management and administration" ("Category Five"); and (6) "[m]essages exchanged among the users of the website, including [ ] [D]efendant and others, through the website's 'shoutbox,' many acknowledging [D]efendant's active engagement with other website users" ("Category Six"). Dkt. 63, 2. Ultimately, during oral argument on the Motion, the Defendant stipulated that there is a basis for admitting the evidence in Categories Two, Three, Five, and Six. Accordingly, as it relates to Categories Two, Three, Five, and Six, Defendant's Motion is DENIED as moot.

As it pertains to Category Four, the Court instructed the parties to meet and confer to clarify some apparent miscommunication as to that subset of evidence. The parties are further instructed

to file a status report as to the outcome of the meet and confer on or before June 25, 2021. In the event that the parties are unable to reach an agreement by that time, the Court reserves its ruling on that specific category of evidence.

As for Category One, the parties disagree as to the admissibility of that evidence. Subject to certain redactions and for the following reasons, the Court finds that the evidence contained in Category One is admissible.

The Government maintains that the "[c]opies of [D]efendant's judgment of conviction, signed plea agreement, and signed written factual proffer submitted in support of his guilty plea in Case No. [1:]09-cr-367[,]" are admissible for three reasons. Dkt. 63, 2, 3-12. First, the Government asserts that particular evidence is intrinsic to and inextricably intertwined with the charge in this case. *Id*. at 3-5. Second, the Government argues that the Category One evidence is admissible pursuant to Federal Rule of Evidence 414. *Id*. at 5-8. Third and finally, the Government believes that Federal Rule of Evidence 404(b) also provides a basis for admission. *Id*. at 8-9.

    A. Whether the Category One Documents are Integral to and Inextricably Intertwined with the Probation Officer's Expected Testimony

The Court observes that the United States Court of Appeals for the Fourth Circuit has held that "evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2016) (internal quotations and citations omitted). The Government argues that the Category One evidence is intrinsic to and inextricably intertwined with the Probation Officer's testimony regarding how he discovered the alleged child pornography on this Defendant's computer. *See* Dkt. 63, 3. Allegedly, the Probation Officer discovered child pornography when he conducted an

unannounced home visit during Defendant's term of supervised release . The Government's position is that

> [a]ny natural and comprehensible account of [ ] [D]efendant's possession of child pornography necessarily must include reference to the fact that [ ] [D]efendant was under the supervision of a probation officer at the time of the events alleged – a fact that is itself explicable only by reference to [ ] [D]efendant's prior conviction.

*Id*.

Even if Defendant's prior conviction provides "an integral and natural part of" the Probation Officer's expected testimony, under the nuanced facts of this case, every detail from the Judgment, Plea Agreement, and Statement of Facts from Defendant's 2009 conviction need not be submitted to the jury before jurors may perform their factfinding duty. Simply put, some details in the Category One documents extend beyond that which is an "integral and natural part of" the Probation Officer's expected testimony. For example, at the hearing on the Motion, Defendant's counsel noted that in light of the procedural history of Defendant's 2009 case, the Judgment that was originally entered in that matter does not mention the term of imprisonment that Defendant ultimately served. *See Clawson*, No. 1:09-cr-367, Dkt. Nos. 20; 28; 29; 60; 74. Indeed, in the 2009 matter, Defendant's original sentence was significantly reduced under Rule 35, the new sentence was appealed and reversed, and then Defendant was again resentenced on remand. *Id*.

Accordingly, facts contained within the Category One documents concerning Defendant's sentence shall be redacted before being admitted because those facts, as they are set forth in the Category One documents, are not an "integral and natural part of" the Probation Officer's expected testimony. And given the procedural history of the 2009 case, the probative value of the facts concerning Defendant's sentence, as set forth in the specific Category One documents, is substantially outweighed by the danger that they may "confus[e][ ] the issue," or "mislead[ ] the jury[.]" Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is

5

substantially outweighed by a danger of . . . confusing the issues [ ] [or] misleading the jury . . . ."). Still, the remaining aspects of the Category One documents that go to the fact of Defendant's conviction are admissible as they are an "integral and natural part of" the Probation Officer's anticipated testimony. This ruling also does not preclude the Probation Officer from testifying that he discovered the alleged child pornography during a visit, as part of the terms of Defendant's supervised release, which stemmed from Defendant's 2009 conviction.

### B. Whether the Category One Documents are Barred by Rule 414(a)

Those remaining portions of the Category One documents are also admissible pursuant to Rule 414(a). Federal Rule of Evidence 414(a) provides that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on *any* matter to which it is relevant." Fed. R. Evid. 414(a) (emphasis added). The definition of child molestation within the meaning of Rule 414(a) is important because that Rule defines the term in a manner different from the way in which it is traditionally used. To be sure, Rule 414(d)(2) indicates that "child molestation" is "any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414(d)(2).

Moreover, in interpreting Rule 414, the Fourth Circuit has found that, "[u]nlike Rule 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses. In allowing this evidence, Rule 414 reflects Congress's view that this propensity evidence is typically relevant and probative." *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (internal quotations and citations omitted).

Both the instant charge and Defendant's prior conviction concern violations set forth in 18 U.S.C. chapter 110, and thus, evidence concerning Defendant's prior convictions, would be covered under Rule 414(a). Yet, Defendant asserts that "[n]one of the images or videos at issue in

6

the present case is a photographic or video depiction of young children engaged in sexually explicit, sadistic or masochistic acts, or of prepubescent and minor children engaging in similar sexually explicit conduct." Dkt. 60, 7. During oral argument, Defendant's counsel described the images at issue here as less graphic. Defendant further argues that the "graphic images depicting the vaginas and anuses of minor children and children engaged in sexually explicit, sadistic or masochistic acts like those to which [ ] [Defendant] acknowledged were part of his 2009 case, are not evidence that [ ] [he] had knowledge of the 'sexually explicit nature' of the materials at issue in this prosecution." *Id*. Thus, it appears that Defendant draws his own subjective distinction between the degree of lasciviousness of the images at issue in the 2009 case as compared to those at issue here. Yet, these are not distinctions that Congress drew when drafting Rule 414, and therefore the Court rejects Defendant's argument on that point.

C. Whether the Category One Evidence is Barred by Rule 404(b)

Similarly, Rule 404(b) supports a finding that admission of the fact of Defendant's conviction, as contained within the Category One documents, is proper. Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But "[e]vidence of a crime, wrong, or other act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity absence of mistake, or lack of accident[.]" Fed. R. Evid. 404(b)(2). Here, at a minimum, Defendant's plea of guilty to and conviction of the distribution of child pornography, may be admitted under Rule 404(b) to demonstrate knowledge and absence of mistake where, as here, he is charged with the possession of child pornography. But even if Rule 404(b) barred admission of

the Category One evidence, for the reasons set forth above (*supra*, p. 6-7), it is admissible under Rule 414.

D. Whether Rule 403 Bars the Admission of the Category One Evidence

Finally, Defendant contends that Rule 403 bars admission of the Category One evidence because he believes that it is substantially more prejudicial than probative. Dkt. 60, 8-11. Essentially, defendant would ask this Court to sanitize the evidence that would theoretically support the Government's case. The Court finds *United States v. Kelly*, instructive on this point. 510 F.3d 433, 439 (4th Cir. 2007). In *Kelly*, the Fourth Circuit held that:

> [i]n applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense.

510 F.3d at 439 (citing *United States v. Hawpetoss*, 478 F.3d 820, 825–26 (7th Cir. 2007) (citing *United States v. LeMay*, 260 F.3d 1018, 1027–29 (9th Cir. 2001)). Applying the *Kelly* Rule 403 factors to the case at bar counsels in favor of the admission of the evidence at issue.

Turning to the first factor—"the similarity between the previous offense and the charged crime"—as the Government points out, there is an "extraordinary degree of similarity between the previous offense and the charged crime." Dkt. 63, 10. In both this case and the 2009 matter, the probative question is whether, at a minimum, Defendant unlawfully possessed child pornography, though in the 2009 case, Defendant did not just possess the unlawful videos and images, he admitted that he took the further step to distribute them.

As for temporal proximity, the Court finds that Fourth Circuit authority suggests that here, that factor also tips in favor of admission. *See, e.g.*, *Kelly*, 510 F.3d at 437 (finding that "while [ ] [the defendant's] prior conviction was *22 years prior to the crimes charged*, this fact alone, given

8

the factual similarities in the offenses, does not render the conviction inadmissible") (emphasis added); *United States v. Mason*, 532 Fed. App'x 432, 437 (4th Cir. 2013) ("Although the earlier convictions were imposed *12 years prior* to the instant indictment, that interval is still much shorter than the 22 year intervening period deemed acceptable in our *Kelly* decision.") (emphasis added); *United States v. Rice*, 347 Fed. App'x 904, 905-06 (4th Cir. 2009) ("though the molestation activity occurred *between ten and eighteen years ago,* this was a shorter time period than that present in our recent decision in *Kelly*, where this court allowed the admission of a rape occurring twenty-two years prior to the offense in question.") (emphasis added)). Here, it appears that the prior offense occurred from on or about July of 2007 to August of 2007. *Clawson*, No. 1:09-cr-367, Dkt. 6, at ¶¶ 8-5. The images that allegedly form the basis for this new offense were uncovered by the Probation Officer on July 24, 2019. *Id*. at Dkt. 114, 2. Thus, approximately 12 years elapsed between the prior offense and this alleged crime. Considering Fourth Circuit authority, this timeframe is not too great to preclude the evidence of the 2009 offenses from being admitted during this trial.

With respect to the frequency of the prior acts, the Court notes that the Statement of Facts accompanying Defendant's 2009 guilty plea describe an offense "involv[ing] more than 600 images of child pornography," *id*. Dkt. 6 ¶ 24, thereby suggesting that his prior acts were relatively frequent. And as for whether there was a "presence or absence of any intervening acts[,]" the Court observes that one significant intervening act at play here was Defendant's arrest and detention in connection with the 2009 crime. As for the reliability of the evidence of the past offense, in light of Defendant's plea of guilty and admission that the 2009 offense "involved more than 600 images of child pornography[,]" *id*., this Court rejects Defendant's suggestion that the evidence of the past offense is unreliable.

Therefore, the Court finds that Rule 403 does not bar admission of the Category One evidence, with the exception of that noted above (*supra*, p. 5-6).

III. CONCLUSION

Accordingly, Defendant's Motion is GRANTED in part and DENIED in part. As it relates to the evidence set forth in Categories Two, Three, Five, and Six, the Motion is DENIED as moot. The Court reserves judgment on the evidence set forth in Category Four. With respect to the Category One evidence, the Motion is GRANTED as it relates to evidence regarding Defendant's sentence, but the Motion is DENIED as to the Category One evidence in all other respects.

It is SO ORDERED.

Alexandria, Virginia
June 24 2021

/s/
Rossie D. Alston, Jr.
United States District Judge