IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-cr-119 |
| JAMES B. CLAWSON, SR., | Hon. Rossie D. Alston, Jr. |
| Defendant. | Trial Date: August 23, 2021 |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S EMERGENCY MOTION TO DISMISS INDICTMENT**

The United States of America, through the undersigned counsel, hereby files this response in opposition to defendant's emergency motion to dismiss the pending indictment in this matter [DE 114] and memorandum in support of that motion [DE 115], and states as follows:

The indictment in this matter has been pending (and available to the defendant, never having been sealed) since May 26, 2020. See DE 1. In the nearly fifteen months that elapsed between that date and August 19, 2021, the defendant did not move for dismissal of the indictment. However, on August 19, 2021 – four days prior to the start of trial – the defendant filed a motion (styled as an "emergency") to dismiss the indictment. See DE 114. The memorandum accompanying the motion appears to argue that the indictment should be dismissed because it has been constructively amended. See DE 115 at 1-2, 6, 8.

The defendant's argument rests on a deeply confused understanding of what constitutes a constructive amendment. A constructive amendment "occurs when the court 'broadens the possible bases for conviction beyond those presented by the grand jury.'" United States v. Burfoot, 899 F.3d 326, 338 (4th Cir. 2018) (quoting United States v. Floresca, 38 F.3d 706, 710 (4th Cir.

1994)). "In other words, there's a constructive amendment when the indictment is effectively altered 'to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" Burfoot, 899 F.3d at 338 (quoting United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999)).

Obviously, there can be no constructive amendment to an indictment where, as here, there has to date been no conviction (and indeed, no evidence presented, arguments made or jury instructions given, since the trial has not even begun). See United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009) ("When *the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both*, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment—sometimes referred to as a fatal variance—occurs.") (emphasis added) (citing United States v. Redd, 161 F.3d 793, 795 (4th Cir. 1998)).

To be sure, the government is fully confident that there will be no constructive amendment at trial either, because all of the evidence the government intends to present at trial will indeed tend to prove that the defendant committed the crime of possession of child pornography, as charged in the indictment, and the Court's instructions assuredly will be both accurate and appropriate for a jury deciding whether or not the defendant committed the crime charged in the indictment. But in any case, it also simply does not make sense to allege a constructive amendment where a defendant has not yet been convicted of anything. The defendant's motion is due to be denied on this ground alone.

However, the motion then compounds this illogic by relying heavily on the grand jury testimony of FBI Special Agent Ted Delacourt, recently disclosed to the defense in advance of trial as Jencks material. It is far from clear how the disclosure of Delacourt's grand jury testimony

could affect the validity of an indictment (much less constitute a constructive amendment at a not-yet-held trial) that has of course remained exactly the same since May 26, 2020.

The motion may perhaps most generously be construed as attacking the sufficiency of the evidence presented to the grand jury to support the indictment. Even so construed, the motion is plainly meritless. The Supreme Court and Fourth Circuit have long clearly held that an indictment returned by a properly constituted grand jury may not be challenged on the ground that inadequate or incompetent evidence was presented to it in support of the indictment. See Costello v. United States, 350 U.S. 359, 363-64 (1956) ("Petitioner urges that this Court ... establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules."); see also United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1983) (noting that "[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charges on the merits"); United States v. Alexander, 789 F.2d 1046, 1048-49 (4th Cir. 1986). Thus, to the extent that the motion suggests that the grand jury's return of the indictment was not supported by sufficient evidence, it must fail.

The defendant's motion suggests that the government's bill of particulars – which was filed only after the Court granted the defendant's motion demanding that the government file one – "constitutes a constructive amendment that impermissibly broadened the charge presented to the grand jury." DE 115 at 7. In addition to grossly misapprehending the nature of a constructive amendment, which involves a comparison of evidence or jury instructions at trial to the indictment – and does not involve consideration of either a bill of particulars or evidence presented to the grand jury – the motion reflects a fundamental misunderstanding of the charged statute and

misstates the nature of both the indictment and the evidence presented to the grand jury. The indictment charges the defendant not with possessing a single visual depiction of a minor engaged in sexually explicit conduct, but with possessing "matter," specified in the indictment as a PNY thumb drive, containing such a visual depiction. See DE 1. While the indictment's reference to "a" visual depiction both accurately tracks the language of the cited statute, see 18 U.S.C. § 2252(a)(4)(B), and properly reflects the legal principle that possession of a single visual depiction is sufficient for conviction, there were of course many such visual depictions in the defendant's possession, and the government is entitled to introduce evidence of his possession of all of them. This is particularly true where, as here, the defendant evidently intends to argue to the jury that some or all of the visual depictions do not legally qualify as depictions of minors engaged in sexually explicit conduct. See 18 U.S.C. § 2256(2).

The defendant's suggestion that the indictment – both as presented to the grand jury and as it will be considered by the jury at trial – rests on a "single visual depiction" is a plain misunderstanding. Indeed, in his testimony before the grand jury, Special Agent Delacourt made clear that the PNY thumb drive contained mor than just five images of child pornography, and that the five images were a representative selection of the illegal visual depictions that the defendant knowingly possessed on this thumb drive. See DE 115-1 at 7–8 (noting that a folder on the thumb drive contained multiple images of a young girl in varying stages of undress, including multiple images that qualify as child pornography); id. at 10 (describing the five images as merely a "selection" of images taken from the thumb drive). Moreover, as has been surpassingly clear since (at the very latest) the filing of the government's bill of particulars nearly a year ago, the government intends to introduce evidence of the defendant's possession of numerous visual depictions of minors engaged in sexually explicit conduct, notwithstanding that possession of a

single such visual depiction is sufficient to establish the defendant's guilt. See DE 25 (bill of particulars, filed September 18, 2020). Nothing about the proceedings before the grand jury is logically capable of affecting either the sufficiency of the indictment or the appropriateness of the evidence to be presented to the jury at trial in order to prove the allegations contained in the indictment.

WHEREFORE, the United States of America files this response in opposition to the defendant's emergency motion to dismiss the indictment [DE 114] and respectfully requests that the motion be denied.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: s/Seth Schlessinger
Seth Schlessinger
Assistant United States Attorney
William G. Clayman
Special Assistant United States Attorney (LT)
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3900
Fax: (703) 299-3981
Email: seth.schlessinger@usdoj.gov
Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that on August 20, 2021, I filed a copy of the foregoing document with the Clerk of Court, and further caused a copy to be served upon all counsel of record, via CM/ECF.

                                       s/Seth Schlessinger
                                       Seth Schlessinger
                                       Assistant United States Attorney